IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Remanded by Supreme Court September 11, 2000

## STATE OF TENNESSEE v. EMIT KEITH CODY

**Appeal from the Circuit Court for Cocke County**
**No. 6923      Ben W. Hooper, II, Judge**

_____

**No. E2000-02188-CCA-RM-CD**
**November 28, 2000**
_____

The Defendant, Emit Keith Cody, was convicted of first degree murder and sentenced to life imprisonment. He appealed, and we reversed his conviction and remanded the case for a new trial based on our conclusion that the trial court's failure to give a limiting instruction to the jury on the use of the State's main witness's prior inconsistent statement constituted plain error. See State v. Emit Keith Cody, No. E1999-00068-CCA-R3CD, 2000 WL 190227 (Tenn. Crim. App., Knoxville, Feb. 16, 2000). The State applied for permission to appeal to the supreme court, which granted permission for the purpose of remanding the case to this Court for reconsideration in light of the supreme court's recent decision in State v. Smith, 24 S.W.3d 274 (Tenn. 2000). After revisiting this issue, we remain of the opinion that the trial court committed plain error by failing to give a limiting instruction. Accordingly, the Defendant's conviction is reversed, and the case is remanded for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Susanna Thomas, Assistant Public Defender, for the appellant, Emit Keith Cody.

Paul G. Summers, Attorney General and Reporter; Marvin S. Blair, Jr., Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and James B. Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION ON REMAND**

The Defendant was convicted of both premeditated murder and felony murder of Elvis Lynn Gibson.[1]  The State's primary witness was to be the Defendant's girlfriend, Eugenia Buttry.  When the State called Ms. Buttry to testify, she said that in October of 1996 she and the Defendant went to the victim's house to see if the victim wanted to buy the Defendant's car.  The victim did want to buy the car but did not have all of the money, so he asked the Defendant and Ms. Buttry to drive him to Newport where he could get the money to buy the car.  Ms. Buttry said that she and the Defendant took the victim to Newport, where he saw someone he knew in a blue truck.  The victim told the Defendant and Ms. Buttry that he was "going to go with that guy and make the money to buy the car," and then he would meet them at their apartment later with the money.  Ms. Buttry said that was the last time she and the Defendant saw the victim.

During direct examination, Ms. Buttry admitted giving a statement to police on January 29, 1997, which was completely inconsistent with her testimony at trial.  She was questioned at length about her prior statement, without objection by the Defendant, and she admitted that she previously told police the following version of events:

> She said that she and the Defendant picked up the victim and that he did not have all of the money to purchase the car.  They then drove out Lee Road in Cocke County toward Newport and up a gravel road to harvest some marijuana so that the victim could get the rest of the money for the car by selling the marijuana.  The victim and the Defendant got out, leaving Ms. Buttry in the car.  The Defendant took a pistol that he always kept wrapped in a pink pillowcase in the car.  They walked down a steep bank and were gone into the woods for five to ten minutes when Ms. Buttry heard a gunshot.  About a minute and a half later she heard two more gunshots.  Soon thereafter the Defendant returned to the car alone, out of breath and asking for something to drink.  He said to Ms. Buttry, "You didn't think I would do something like that, did you."  The Defendant showed Ms. Buttry approximately $120.00 that he had in his possession, and Ms. Buttry said that she knew it came from the victim because the Defendant had only $10.00 or $15.00 when he left home that morning.  The Defendant said, "I made Lynn lay down on the ground on his stomach and the second and third time I had to do it to make sure."  They then went to a place in the woods where the Defendant buried the gun.  Later, the Defendant told Ms. Buttry that he was going to go back and move the gun because he did not want the police to be able to find it if she ever did talk to them.  On their way back to Newport, the Defendant told her what to tell police if questioned.

Emit Keith Cody, 2000 WL 190227, at *2.  Ms. Buttry also admitted that she had tried to take the police to the location where the victim was killed, but they were unable to get down the road due to mud.  She said at trial that she lied in her statement to police and that she knew the location of the

---

[1]The two convictions were merged into a single first degree murder conviction.

murder because it was in the paper. Ms. Buttry's prior statement to police was the only direct evidence tying the Defendant to the murder. In closing arguments, both the prosecutor and the defense attorney emphasized that the resolution of the case depended upon whether the jury believed Ms. Buttry was telling the truth in her statement to police or at trial.

On appeal, we found that Ms. Buttry's prior unsworn statement was hearsay and that it was properly admissible only as a prior inconsistent statement for the purpose of impeaching Ms. Buttry's credibility. Id. at *6. Although the Defendant did not object to the use of the statement, request a limiting instruction, or raise the issue on appeal, we held that the failure of the trial court to give a limiting instruction constituted plain error. Id. at *8. In so doing, we relied upon the cases of State v. Reece, 637 S.W.2d 858 (Tenn. 1982), and State v. Donald Ray Smith, No. 02C01-9805-CC-00151, 1999 WL 250593 (Tenn. Crim. App., Jackson, Apr. 29, 1999)rev'd 24 S.W.3d 274 (Tenn. 2000). Id. at *6-8. After we issued our opinion, the supreme court reversed this Court's decision in Donald Ray Smith. See Smith, 24 S.W.3d at 284. Subsequently, the supreme court remanded the present case to this Court to reconsider our opinion in light of the supreme court's opinion in Smith.[2]

In Smith, the defendant was convicted of aggravated sexual battery of his daughter, C.S. Id. at 274. When C.S. was called to testify at trial, she said that her father never touched her. Id. at 277. She did, however, admit telling her mother, an employee of Children's Services, and an investigator that her father had reached his hand underneath her shorts and touched her "private parts." Id. at 276-77. She admitted saying that this occurred in January 1996 while her mother was at work and while she and her father were sitting on the couch watching television. Id. at 277. At trial, she said that she made these allegations because her sister offered her $20.00 to do so; her sister was angry with their father because he did not approve of the boy she was dating. Id. at 277 n.4. The Defendant did not object to the introduction of C.S.'s prior statements. Id. at 277. In addition to C.S., C.S.'s mother, the Children's Services employee, and the investigator testified without objection about C.S.'s prior statements. Id. at 277-78. These prior statements were the only evidence offered to corroborate the defendant's confession, in which he admitted touching his daughter in a manner similar to that described by C.S. Id. at 281. Without the corroborating evidence, the conviction could not stand because in Tennessee, "a conviction cannot be founded solely upon a defendant's confession." Id.

In addressing C.S.'s prior statements, the supreme court acknowledged the rule that prior inconsistent statements are admissible under the Tennessee Rules of Evidence to impeach the credibility of a witness, but their admissibility as evidence to prove the matter asserted in the statements is limited by hearsay restrictions. Id. at 279; see also Tenn. R. Evid. 607, 613, 802. "Upon timely objection, the trial court should exclude a prior inconsistent statement when offered as substantive evidence of guilt or innocence, and upon request, the court should instruct the jury that

---

[2]The supreme court's order of remand stated, "The Court of Criminal Appeals is directed to decide the case on its merits in accordance with this Court's opinion in [Smith]." We interpret this order to mean that we are to reconsider our previous decision in light of Smith.

the prior statement may only be considered as reflecting upon the credibility of the witness." <u>Smith</u>, 24 S.W.3d at 279; <u>see also</u> Tenn. R. Evid. 105.  Notwithstanding,

> [a] trial court . . . generally has no duty to exclude evidence or to provide a limiting instruction to the jury in the absence of a timely objection.  A party may consent to the admissibility of evidence which is otherwise prohibited by the Rules, so long as the proceedings are not rendered so fundamentally unfair as to violate due process of law. . . .
>
> When a party does not object to the admissibility of evidence, . . . the evidence becomes admissible notwithstanding any other Rule of Evidence to the contrary, and the jury may consider the evidence for its "natural probative effects as if it were in law admissible."

<u>Smith</u>, 24 S.W.3d at 279-80 (quoting <u>State v. Harrington</u>, 627 S.W.2d 345, 348 (Tenn. 1981)) (citations omitted).  The supreme court thus concluded that because no objection was made to the introduction of C.S.'s prior statements, they were properly considered as substantive evidence.  <u>Id.</u> at 280.

Although holding that the prior inconsistent statements were properly considered because no objection was made, the court expressly acknowledged its prior decision in <u>State v. Reece</u>, 637 S.W.2d 858 (Tenn. 1982), in which it held that "the failure to give the limiting instruction may amount to fundamental error constituting grounds for reversal, even in the absence of a special request."  <u>Id.</u> at 284 (quoting <u>Reece</u>, 637 S.W.2d at 861).  The <u>Reece</u> court limited its holding "to those exceptional cases in which the impeaching testimony is extremely damaging, the need for the limiting instruction is apparent, and the failure to give it results in substantial prejudice to the rights of the accused."  <u>Reece</u>, 637 S.W.2d at 861.  The supreme court in <u>Smith</u> did not overrule <u>Reece</u>; it simply concluded that <u>Reece</u> provided no relief, as will be explained below.  <u>See</u> <u>Smith</u>, 24 S.W.3d at 284.

In addition to acknowledging <u>Reece</u>, the supreme court recognized that Rule 36(b) of the Tennessee Rules of Appellate Procedure, Rule 103(d) of the Tennessee Rules of Evidence, and Rule 52(b) of the Tennessee Rules of Criminal Procedure allow the appellate courts to take notice of "plain errors" that were not raised in the proceedings below.  <u>Id.</u> at 282.  The court explicitly adopted the five-factor test for determining whether an error constitutes "plain error" that we set out in <u>State v. Adkisson</u>, 899 S.W.2d 626 (Tenn. Crim. App. 1994).  <u>Id.</u> at 283.  In <u>Adkisson</u>, we set forth the following factors to consider in determining whether an error constitutes "plain error:"

> (a) the record must clearly establish what occurred in the trial court;
> (b) a clear and unequivocal rule of law must have been breached;
> (c) a substantial right of the accused must have been adversely affected;
> (d) the accused did not waive the issue for tactical reasons; and
> (e) consideration of the error is "necessary to do substantial justice."

Adkisson, 899 S.W.2d at 641-42. Before "plain error" requires reversal of a conviction, the ʻplain error' must be of such a great magnitude that it probably changed the outcome of the trial." Id. at 642.

In Smith, the defendant did not challenge the use of C.S.'s prior inconsistent statements on appeal, but this Court, relying on Reece and Adkisson, found that the trial court committed plain error by failing to give a limiting instruction on the use of C.S.'s prior inconsistent statements. See Donald Ray Smith, 1999 WL 250593, at *6-7. In its review, however, the supreme court determined that the plain error doctrine could provide no relief because "the decision not to object to the prior inconsistent statements of C.S. was the result of a deliberate, tactical trial strategy." Smith, 24 S.W.3d at 283. In reaching this determination, the court noted that the defendant's theory of the case had always been that the inconsistent statements of a single witness cannot be the sole evidence to corroborate a confession. Id. Because of this theory, the defendant did not object to the statements, and the defendant questioned C.S. and the other witnesses at length about the prior statements. Id. The court stated, "When the State places objectionable evidence before the jury, and defense counsel inquires at length about the evidence on cross-examination, any error in admitting the evidence is generally cured." Id. In addition, the supreme court said,

> Most importantly, though, counsel for the appellee conceded in oral argument before this Court that the decision not to object to admission of the prior inconsistent statements was a "tactical decision." Because counsel and the appellee were concerned as to the ability of the appellee to make a good witness, they both agreed that the best strategy was to forgo objection to the prior statements in an effort to convince the jury that C.S. had no credibility. "It is difficult to conceive of evidence more probative of an attorney's reason for not objecting than the attorney's own statement." Accordingly, for all of these reasons, we hold that because the decision to forgo objection to admission of C.S.'s prior statements as substantive evidence was a deliberate, tactical decision by trial counsel, we can find no plain error in this case.

Id. at 283-84 (quoting State v. Walker, 910 S.W.2d 381, 400 (Tenn. 1995) (Anderson, C.J., concurring)). The supreme court thus reasoned that

> Reece cannot afford relief when trial counsel makes a tactical decision to forgo an objection. When a defendant makes a considered and deliberate choice to waive a proper objection in an effort to gain tactical advantage, he or she will not later be heard to complain that the trial court's failure to provide a limiting instruction "substantially prejudiced" his or her rights.

Smith, 24 S.W.3d at 284.

Looking now at the present case, we again conclude that the failure of the trial court to instruct the jury that Ms. Buttry's prior inconsistent statement could only be used to impeach her credibility constitutes reversible error. Although prior inconsistent statements may generally be

considered as substantive evidence when no objection is made, Reece provides an exception when "the impeaching testimony is extremely damaging, the need for the limiting instruction is apparent, and the failure to give it results in substantial prejudice to the rights of the accused." Reece, 637 S.W.2d at 861. Here, not only was the prior statement of Ms. Buttry extremely damaging, it was the crux of the State's entire case. Without that evidence, the only evidence tying the Defendant to the murder was testimony that, on the last day he was seen, the victim left his home with the Defendant and Eugenia Buttry and testimony that the Defendant stated to a friend that he had killed someone. As we stated in our prior opinion, "Such vague, circumstantial evidence is not sufficient to prove beyond a reasonable doubt that the Defendant was guilty of any degree of criminal homicide." Emit Keith Cody, 2000 WL 190227, at *8. When the only direct evidence tying a defendant to a murder is a prior inconsistent statement and when the other evidence is insufficient to convict, the prior unsworn statement is obviously extremely damaging, the need for a limiting instruction is clearly apparent, and the failure to give the instruction results in substantial prejudice to the rights of the accused, who would not be convicted if the evidence could not be considered. See Reece, 637 S.W.2d at 861. Thus, we hold, based on Reece, that the failure of the trial court to give a limiting instruction was reversible error.

Although the Defendant did not raise this issue on appeal, we are able to reach our conclusion because the failure on the part of the trial court to properly instruct the jury was plain error. All five of the Adkisson factors are present in this case. The record is clear that the State was allowed to extensively question Ms. Buttry about her prior statement without a limiting instruction; in so doing, a clear and unequivocal rule of law was violated. See Tenn. R. Evid. 607, 613, 802; Smith, 24 S.W.3d at 279; Adkisson, 899 S.W.2d at 641. A substantial right of the accused was adversely affected because without the use of the prior statement as substantive evidence, the evidence was insufficient to support the Defendant's conviction. See Adkisson, 899 S.W.2d at 641. Consideration of the error is "necessary to do substantial justice" because, again, the Defendant could not have been convicted on the evidence presented had the jury been properly instructed. See id. Finally, unlike the supreme court in Smith, we find that the Defendant did not waive the issue for tactical reasons. See id. Granted, the defense attorney did argue to the jury that "[t]he State's case rises and falls on whether you think that Gina Buttry gave an accurate statement to law enforcement officers or whether she lied on January the 29 because she was afraid." The defense attorney did not, however, make any statements admitting that her failure to object was a tactical decision. The impression we sense from reading the record is that the defense attorney was not aware she could object to the prior statement.[3] The only question she asked Ms. Buttry was whether her testimony at trial was the only testimony she had given under oath. We see no tactical reason for the defense attorney to purposefully allow the testimony to be considered as substantive evidence when it was the only evidence establishing the Defendant's guilt of murder. The record does not support a finding that the issue was waived for tactical reasons. Thus, we conclude that the failure to object to Ms. Buttry's testimony was not "the result of a deliberate, tactical trial strategy" like it was in Smith. See Smith, 24 S.W.3d at 283. Accordingly, we also conclude that the failure on the part of the trial court to give

---

[3] We note that the issue of whether the Defendant received the effective assistance of counsel is not before the Court in this direct appeal.

a limiting instruction regarding the use of Ms. Buttry's prior inconsistent statement as required by <u>Reece</u> was plain error.

The Defendant's first degree murder conviction is reversed, and the case is remanded for a new trial.

_____
DAVID H. WELLES, JUDGE